IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ROSS MATTHEW CATAFFO**,

    **Plaintiff,**

vs.                                                 **CIVIL ACTION NO. 2:25-CV-00537**

**ECONO LODGE BY WYNDHAM,**
**SUPER 8 HOTEL**,

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On September 4, 2025, the Plaintiff, acting *pro se* and while a prisoner at the South Central Regional Jail and Correctional Facility, filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), along with a "Complaint" (ECF No. 2). The undersigned determined that not only did the Plaintiff fail to complete his Application properly, but also that the Plaintiff's complaint was too difficult to read in order to determine what claims, if any, the Plaintiff was alleging. Thus, the undersigned ordered the Plaintiff to amend his complaint, and to submit a completed Application or pay the filing and administrative fees no later than October 14, 2025 (ECF Nos. 4, 5). The Clerk provided the Plaintiff both a Complaint form and returned the Plaintiff's Application so that he may complete the information necessary in the Certificate portion (Id.). In both Orders, the undersigned warned the Plaintiff that failure to comply with the directives set forth in the Orders will result in a recommendation of dismissal without prejudice pursuant to

Rule 41(b) of the Federal Rules of Civil Procedure[1] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia[2] (Id.).

The Plaintiff, however, has not responded to the Court's Orders, and there is no indication that the Plaintiff did not receive them. Accordingly, the undersigned has determined that the Plaintiff has failed to take any steps to prosecute this action, and should therefore be dismissed.

## Analysis

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*. See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

[2] Rule 41.1 of the Local Rules provides:

**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)).

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than the Plaintiff is responsible for his failure to properly amend his complaint or to complete his Application to Proceed Without Prepayment of Fees and Costs, despite being directed to do so.

In consideration of the second and third factors, the record is unclear that the Plaintiff has a history of "deliberately proceeding in a dilatory fashion" beyond the fact that the Plaintiff has failed to properly amend his complaint and complete his Application despite being specifically instructed to do so in *this case* – however, the undersigned observes that in other matters before this Court, the Plaintiff failed to comply with the Court's Orders and Notices to complete and return his Applications and to amend his complaints, warranting recommendations for dismissal for failure to prosecute by United States Magistrate Judge Dwane L. Tinsley. See *Cataffo v. VA Medical Center, et al.*, Case No. 2:25-cv-00522, ECF No. 5; see also *Cataffo v. Empire Construction Supply, et al.*, Case No. 2:25-cv-00523, ECF No. 7; *Cataffo v. Murphys Water Well Bits, et al.*, Case No. 2:25-cv-00525 ECF No. 7; *Cataffo v. Christopher Lavine, et al.*, Case No.

2:25-cv-00532, ECF No. 5. Significantly, the Plaintiff's conduct suggests that not only is he capable of filing numerous actions within this District, but he managed to somewhat comply with this Court's Order in yet another action pending before this Court by filing an amended complaint when directed to do so.[3] This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, *4 (S.D.W. Va. Aug. 14, 2014)(Johnston, J.)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff."). In short, due to the Plaintiff's inaction in this case, which appears quite intentional as demonstrated by the other numerous actions he has filed within this District, the undersigned finds that not only is the Court is being deprived of its ability and duty to ensure these proceedings move forward to a conclusion on the merits, but it also appears the Plaintiff has lost interest in prosecuting this particular matter. Thus, the undersigned finds these factors weigh against the Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against the Plaintiff that should not be invoked lightly. The particular circumstances of this case do not warrant a lesser sanction – as stated *supra*, the Plaintiff has failed to comply with the undersigned's Orders to timely amend his complaint and to complete his Application properly; indeed, the Plaintiff has demonstrated identical failings in several other actions filed with this Court. An assessment of fines, costs, or damages against the Plaintiff would be unjust in view of the Plaintiff's application(s) to proceed without prepayment

---

[3] See *Cataffo v. Jackson County Police Department, et al.*, No. 2:25-cv-00524, ECF Nos. 5, 6, 7. However, the undersigned further observes that the Plaintiff nevertheless failed to submit a completed Application in that action, despite having explicitly been directed to do so (see ECF No. 4).

of fees and his status as a *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of the Plaintiff's failure to respond to the Court's Order(s) directing a response by the Plaintiff. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice unless the Plaintiff is able to show good cause for his failure to prosecute this action.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Judge confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Judge **DENY** the Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and **DISMISS** this action from the Court's docket without prejudice.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d

91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

    The Clerk is directed to mail a copy of this Order to the Plaintiff, who is acting *pro se*.

    **ENTER**: October 30, 2025.



Omar J. Aboulhosn
United States Magistrate Judge